IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: DIET DRUGS                    :
(PHENTERMINE/FENFLURAMINE/           :    MDL NO. 1203
DEXFENFLURAMINE)                     :
PRODUCTS LIABILITY LITIGATION        :
                                     :
THIS DOCUMENT RELATES TO:            :
_____      :
                                     :
JANICE ELSTROTT, et al.              :
                                     :
          v.                         :
                                     :
AMERICAN HOME PRODUCTS               :
CORPORATION, et al.                  :    CIVIL ACTION NO. 02-20134

<u>**MEMORANDUM AND PRETRIAL ORDER NO.**</u>

Bartle, J.                                      March      , 2005

          To address misjoinder issues, and to facilitate the efficient administration of discovery, we issued Pretrial Order No. ("PTO") 3370, which requires the severance of multi-plaintiff actions in MDL No. 1203.  <u>See</u> PTO No. 3370, § II (Mar. 24, 2004). Pursuant to Paragraph 6 of PTO No. 3370, the Special Discovery Master identified the above-referenced action for severance.  <u>See</u> <u>id.</u> at ¶ 5.  This action involves five (5) plaintiffs who have asserted various claims against American Home Products Corporation, Ion Laboratories, Inc., Gate Pharmaceuticals, Geneva Pharmaceuticals, Inc., Wyeth-Ayerst Pharmaceuticals, Inc., Interneuron Pharmaceuticals, Inc., A.H. Robins Company, Inc., Eon Labs Manufacturing, Inc., Celltech Medeva, Watson Laboratories,

Colin Bailey, M.D., Roland S. Waguespack, M.D., Wyeth-Ayerst Laboratories, Co., and Smithkline Beecham Corporation.

Rule 21 of the Federal Rules of Civil Procedure provides in part that "[p]arties may be dropped or added by order of the court ... at any stage of the action and on such terms as are just." Pursuant to this rule, courts may sever misjoined parties when their claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences, and the claims will not involve a question of law or fact common to all parties. See Fed. R. Civ. P. 20; see also Norwood Co. v. RLI Ins. Co., et al., Civ. A. No. 01-6153, 2002 WL 523946, at *1 (E.D. Pa. Apr. 4, 2002). In addition, courts may sever parties for the "efficient administration of justice." See Moore's Federal Practice § 21.02(1); see also Official Comm. of Unsecured Creditors v. Shapiro, et al., 190 F.R.D. 352, 355 (E.D. Pa. 2000). An action severed under Rule 21 becomes an independent action. See Degen v. Bunce, et al., Civ. A. No. 93-5674, 1995 WL 120483, at *3 (E.D. Pa. Mar. 13, 1995).

The claims asserted by the plaintiffs against Wyeth and the other defendant's in this action are based upon plaintiffs' alleged ingestion of the diet drugs Pondimin and/or Redux and injuries they allegedly sustained as a result of said ingestion. The claims are not otherwise related. The grouping of such claims in a single action does not satisfy the transaction or occurrence

requirement of Rule 20.  Accordingly, plaintiffs in this action are misjoined.

In addition, such multi-plaintiff actions with unrelated claims impede the efficient administration of MDL No. 1203. Oftentimes it is unclear from the Complaint which plaintiffs are asserting which claims against which named defendants.  Multi-plaintiff actions complicate discovery and interfere with its completion in accordance with assigned deadlines.

Severance of this and other multi-plaintiff actions will require each plaintiff to file a Severed and Amended Complaint that provides the necessary information about his or her claims. Thereafter, new deadlines will be assigned to govern discovery in each individual case, thereby allowing for the completion of discovery and the resolution of issues that may arise on a case-by-case basis.  Proceeding in this manner streamlines the remand of actions to the appropriate transferor courts and minimizes the burden placed upon those courts due to the volume of litigation in MDL No. 1203.

Therefore, we will order this action to be severed into separate actions.  Each plaintiff shall file a Severed and Amended Complaint no later than sixty (60) days of the date of this Order pursuant to Paragraphs 7, 8, 10, and 12 of PTO No. 3370, each of which shall be assigned a separate, but related, Civil Action Number.  No new claims or new defendants may be added without prior

leave of court.  <u>See</u> PTO No. 3370, § II, ¶ 10.  In addition, because an action severed under Rule 21 becomes an independent action, each plaintiff who files a Severed and Amended Complaint, except for the first named plaintiff who files a Severed and Amended Complaint, shall remit to the Clerk of Court a filing fee in the amount of $250.00, pursuant to 28 U.S.C. § 1914.  Failure to remit this fee will result in the dismissal with prejudice of any and all claims asserted by the plaintiff.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
IN RE: DIET DRUGS                 :
(PHENTERMINE/FENFLURAMINE/        :    MDL NO. 1203
DEXFENFLURAMINE)                  :
PRODUCTS LIABILITY LITIGATION :
                                  :
THIS DOCUMENT RELATES TO:         :
_____:
                                  :
JANICE ELSTROTT,  et al.          :
                                  :
          v.                      :
                                  :
AMERICAN HOME PRODUCTS            :
CORPORATION,  et al.              :    CIVIL ACTION NO. 02-20134
```

**PRETRIAL ORDER NO. _____**

AND NOW, this     day of March, 2005, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1)  pursuant to Rule 21 of the Federal Rules of Civil Procedure, the above-captioned action shall be severed into separate civil actions;

(2)  each plaintiff and his or her derivative claimants shall submit for filing a Severed and Amended Complaint no later than sixty (60) days of the date of this Order and in accordance with Paragraphs 7, 8, 10, and 12 of Pretrial Order No. 3370;

(3)  the Clerk of Court shall assign a separate Civil Action Number, which shall be related to Civil Action Number 02-20134, for each Severed and Amended Complaint filed pursuant to this Order;

(4)   a filing fee in the amount of $250.00 shall be remitted to the Clerk of Court for each Severed and Amended Complaint, except for the first named plaintiff who files a Severed and Amended Complaint; and

(5)   failure to remit the filing fee with a Severed and Amended Complaint will result in the dismissal with prejudice of any and all claims asserted by the plaintiff.

BY THE COURT:

_____
                                                    J.